824 F.2d 950
 Brenda J. BOHANNON, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
W.B. DAVIS, Jr., and all other persons similarly situated,
Plaintiff-Appellee,
v.
GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant-Appellant.
Mrs. Rosetta PRESCOTT, and all other persons similarly
situated, Plaintiff-Appellee,
v.
NATIONWIDE INSURANCE COMPANY, Defendant-Appellant.
Claude and Theresa NIX, Plaintiffs-Appellees,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.
Lester C. MAY, Jr., and all other persons similarly
situated, Plaintiffs-Appellees,
v.
TRAVELERS INSURANCE COMPANY Travelers Indemnity Company and
Phoenix Insurance Company, Defendants-Appellants.
 Nos. 86-8432 to 86-8434, 86-8521 and 86-8593.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 19, 1987.
 
 Ronald L. Reid, Ricky Charles Silver, Nill V. Toulm, Alston & Bird, Atlanta, Ga., for defendant-appellant in No. 86-8432.
 John B. Long, Nixon, Yow, Waller & Capers, Augusta, Ga., Irwin W. Stolz, Jr., Gambrell, Clarke, Anderson & Stolz, Atlanta, Ga., for plaintiff-appellee in No. 86-8432.
 Morton G. Forbes, Birney Bull, Savannah, Ga., Nill V. Toulm, Alston & Bird, Atlanta, Ga., for defendant-appellant in No. 86-8433.
 G. Brinson Williams, Jones, Osteen, Jones & Arnold, Hinesville, Ga., for plaintiff-appellee in No. 86-8433.
 Stanley M. Karsman, Kenneth L. Royal, Savannah, Ga., Nill Toulm, Atlanta, Ga., for defendant-appellant in No. 86-8434.
 John B. Long, Nixon, Yow, Waller & Capers, Larry I. Smith, Paine, Dalis, Smith & McElreath, Augusta, Ga., Irwin W. Stolz, Jr., Gambrel, Clark, Anderson, Stolz, Atlanta, Ga., for plaintiff-appellee in No. 86-8434.
 David R. Aufdenspring, Dean S. Daskal, Atlanta, Ga., for defendant-appellant in No. 86-8521.
 David F. Walbert, Walbert & Hermann, Kenneth Behrman, Rand & Exor, P.C., Atlanta, Ga., for plaintiffs-appellees in No. 86-8521.
 Oliver B. Dickins, Jr., Bryan F. Dorsey, Nill V. Toulm, Atlanta, Ga., for defendant-appellants in No. 86-8593.
 John B. Long, Nixon, Yow, Waller & Capers, Larry I. Smith, Augusta, Ga., James M. Thompson, Savannah, Ga., for plaintiffs-appellees in No. 86-8593.
 Appeals from the United States District Court for the Southern and Northern Districts of Georgia.
 Before HILL and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 HILL, Circuit Judge:
 
 
 1
 We have before us five cases, in which five insurance companies are challenging a federal district court's certification of a class of its insureds. In each case the plaintiffs are attempting to retrieve proceeds which they claim their insurers received pursuant to the exercise of unauthorized subrogation of their insured's claims against third parties. Each case presents substantially the same issue; therefore, we have consolidated them for decision. A question of Georgia law which the Georgia courts have yet to address will be dispositive in each appeal.
 
 
 2
 Customarily, we request the parties to submit a proposed statement of facts and certificate of issues for decision before certifying a case; however, in view of the substantial agreement between the parties as to the issue to be decided, as evidenced by the fact that several of the appellants have filed motions requesting certification of certain questions to the Supreme Court of Georgia, we need not proceed that way in this case. We therefore certify the following facts and issue for decision by the Georgia Supreme Court.
 
 
 3
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO ART. 6, SEC. 6, PARA. IV OF THE GEORGIA CONSTITUTION.
 
 
 4
 TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:
 
 
 5
 It appears to the United States Court of Appeals for the Eleventh Circuit that the above matters involve a question or proposition of the law of the state of Georgia which may be determinative of the causes, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Georgia. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following question of law of the State of Georgia to the Supreme Court of Georgia for instructions concerning such question of law, based upon the facts recited herein.
 
 I. STYLE OF THE CASES
 
 6
 The style of the cases in which the certificate is made is as follows: BOHANNON, Plaintiff-Appellee, v. ALLSTATE INSURANCE COMPANY, Defendant-Appellant, Case No. 86-8432; DAVIS, Plaintiff-Appellee, v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant-Appellant, Case No. 86-8433; PRESCOTT, Plaintiff-Appellee, v. NATIONWIDE INSURANCE COMPANY, Defendant-Appellant, Case No. 86-8434; NIX, Plaintiffs-Appellees, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant, Case No. 86-8521; MAY, Plaintiffs-Appellees, v. TRAVELERS INSURANCE COMPANY, Defendants-Appellants, Case No. 86-8693
 
 II. STATEMENT OF THE FACTS
 
 7
 Prior to the passage of the Georgia Motor Vehicle Accident Reparations Act, Georgia Laws 1974, p. 113 ("No-Fault Act"), automobile insurance companies doing business in Georgia usually offered collision insurance as a specific form of property insurance, which covered the insured against loss on account of property damage to an insured's motor vehicle, without regard to whether the insured was at fault when the damage was sustained. With the passage of the No-Fault Act in 1974, insurance companies doing business in the state of Georgia were required to offer certain insurance policies. Section 4 of the No-Fault Act required the insurer to make available on an optional basis (1) coverage up to $50,000 for personal injury protection (as described in section 3 of the Act), and (2) compensation without regard to fault for damage to the insured's motor vehicle, and for loss of use of the vehicle. Such coverage could be subject to a deductible at the election of the policy holder.
 
 
 8
 Section 5 of the No-Fault Act was amended by Georgia Laws 1978, p. 2075. The amendment provided:
 
 
 9
 insurers and self-insurers providing benefits without regard to fault described in sections 3 and 4 [of the No-Fault Act] shall not be subrogated to the rights of the person for whom benefits are provided, except in those motor vehicle accidents involving two or more vehicles, at least one of which is a motor vehicle weighing more than 6,500 pounds unloaded. The right of recovery and the amount thereof shall be determined on the basis of tort law between the insurers or self-insurers involved. Expenses incurred in exercising the rights of subrogation hereunder shall be at the sole expense of the insurers and self-insurers involved. If the responsible tortfeasor is uninsured or is not a self-insurer, the insurer or self-insurer providing benefits shall have a right of action to the extent of benefits provided against such tortfeasor only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident.
 
 
 10
 The Supreme Court of Georgia has determined that this provision "governs the right of an insurer who has paid benefits under Secs. 3 and 4 of the No-Fault Act to be subrogated to the rights of the recipient of the benefits against a third party tortfeasor." Carter v. Banks, 254 Ga. 550, 553, 330 S.E.2d 866 (1985),
 
 
 11
 In each of the cases now before us, insureds of each defendant insurance company obtained insurance covering damage to their motor vehicles. Each plaintiff allegedly sustained damage to his or her motor vehicle, and received benefits under his or her policy. It is further alleged that the insurers then subrogated the claims of their insureds as against any third party allegedly responsible for the damage to the motor vehicles. It is alleged that the insurance companies proceeded against the alleged tortfeasors, and retained any proceeds received as a result. In each of these cases, the class of insureds seeks to recover from their insurers the proceeds obtained through subrogation of those claims, claiming that the insurance was issued pursuant to section 4 of the No-Fault Act and that such subrogation violated section 5 of the No-Fault Act as it existed from 1978 until amended in 1984.
 
 
 12
 In order to certify these classes, the district court was required to determine whether the insurance policies at issue in these five cases constituted pre-No-Fault Act collision insurance (traditional collision coverage), or optional no-fault insurance offered pursuant to section 4 of the No-Fault Act. We are satisfied that the district court had to reach this question in order to determine whether the requirements of Fed.R.Civ.P. 23(a), governing certification of class actions, were properly met.
 
 
 13
 In all of these cases, the defendant insurance companies claim that the plaintiffs were paid benefits under traditional collision coverage, as that term was used by the Georgia Supreme Court in Carter v. Banks, 550 Ga. at 552, 330 S.E.2d 866.[1] In each of these cases, the district court decided that the representative plaintiff had received benefits under coverage offered pursuant to section 4 of the Georgia No-Fault Act. Each defendant insurer then brought an interlocutory appeal to this court for resolution of the class certification issue. While it is an issue of class certification, given the structure of the lawsuit, the question which needs to be addressed in order to certify the class will be dispositive of a legal point central to the plaintiffs' case.
 
 
 14
 III. QUESTION TO BE CERTIFIED TO THE GEORGIA SUPREME COURT
 
 
 15
 Whether the insurance policies involved in each of these cases were issued to provide "benefits without regard to fault" pursuant to section 4 of the Georgia Motor Vehicle Accident Reparations Act, as described in section 5 of the Motor Vehicle Accident Reparations Act, in the version amended by Georgia Laws 1978, p. 2075, or to provide traditional collision insurance coverage, as the latter term is used in Carter v. Banks, 254 Ga. 550, 330 S.E.2d 866 (1985).
 
 
 16
 Our statement of the question is intended as a guide and is not meant to restrict the inquiry of the Supreme Court of Georgia.
 
 
 17
 [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.
 
 
 18
 Martinez v. Rodriguez, 394 F.2d 156, 159 n. 6 (5th Cir.1968). The clerk of this court is directed to transmit the certificate, as well as the briefs and records filed with this court to the Supreme Court of Georgia and to transmit copies of the certificate to the attorneys for the parties.
 
 
 19
 QUESTION CERTIFIED.
 
 
 
 [1]
 In Carter v. Banks it was "undisputed" that the insurer "paid benefits to [the plaintiff] under the collision coverage of the policy and not under the no-fault property damage coverage." Here, the correct classification of the coverage obtained is the essence of the dispute